UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00014-LLK

**CHRISTOPHER L. GAUSS**                                                                                      **PLAINTIFF**

**v.**

**ANDREW SAUL, Commissioner of Social Security**                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets # 13 and 19. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 9.)

At the administrative hearing, Plaintiff explained to the Administrative Law Judge (ALJ) that he believes he is disabled, in part, due to neck pain and numbness radiating into his upper extremities, and Plaintiff told the ALJ that he was scheduled for a cervical MRI. (Administrative Record (AR) at 128-29.) The ALJ proceeded to present hypothetical questions to a vocational expert (VE), which contemplated an ability to engage in light work, including good use of both upper extremities. A post-hearing cervical MRI revealed an objective clinical basis for Plaintiff's neck and upper extremity complaints. In his decision, the ALJ implicitly declined to reconsider the hypotheticals previously given and found that Plaintiff has a residual functional capacity (RFC) to perform light work, with good use of the upper extremities. After the ALJ's decision, in light of the cervical MRI results, Plaintiff's treating neurosurgeon, Narendra Nathoo, M.D., recommended surgery.

Because the ALJ's RFC findings were unsupported in light of the post-hearing cervical MRI results and because Plaintiff has shown entitlement to a remand for consideration of Dr. Nathoo's post-decision findings, the Court will REMAND this matter to the Commissioner for a new decision.

1

**Background facts**

As early as May 2017, Plaintiff's Veterans Administration (VA) treatment notes reflect complaints of limited mobility of the cervical spine and bilateral arm numbness. (AR at 737.) At the administrative hearing on March 12, 2018, Plaintiff explained that he believes he is disabled, in part, due to neck pain and cervical radiculopathy, with symptoms radiating into his upper extremities. (AR at 128-29.) Plaintiff told the ALJ that he was scheduled for a cervical MRI later that month. (AR at 129.)

The cervical MRI, dated March 27, 2018, revealed the presence of a nerve root impingement, which is capable of causing Plaintiff's symptoms: "C6-C7: Right paracentral disc protrusion with probable impingement on the descending right C8 nerve root." (AR at 922.)

The ALJ denied Plaintiff's disability claim, finding that he retains the ability to perform a significant number of light jobs in the national economy, such as office helper, cleaner, and electrical assembler. (AR at 110, 117.) Light work requires, among other things, lifting no more than 20 pounds at a time with "frequent" lifting or carrying of objects weighing up to 10 pounds, where "frequent" is defined as occurring up to two-thirds of the time. Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5-6. Additionally, the ALJ found that Plaintiff can engage in "occasional" reaching overhead with his bilateral extremities, where "occasional" means occurring up to one-third of the workday; and the ALJ found that Plaintiff should avoid more than "frequent" exposure to excessive vibration, such as that experienced while operating a jackhammer or similar tool. (AR at 110.)

The ALJ's May 2018 decision mentioned the March 2018 cervical MRI results only in passing: "Imaging of the claimant's cervical spine does show nerve root impingement; however, as touched on above, physical examination shows full range of motion and strength in the upper extremities and only mild cervical range of motion restriction." (AR at 111 referencing MRI at AR 922.) The "physical examination" results referenced by the ALJ apparently are those of Robert Nold, M.D. (AR at 547-52.)

2

Dr. Nold examined Plaintiff at the request of the Commissioner in December 2015. (AR at 547-52.) In April 2016, in light of Dr. Nold's findings and the record as a whole, the Commissioner's non-examining program physician, Donna Sadler, completed the standard physical assessment form. (AR at 189-92.) In support of his RFC findings, the ALJ gave the opinions of Drs. Nold and Sadler "great weight." (AR at 112.)

**The ALJ's RFC findings were unsupported in light of the cervical MRI results.**

At the administrative hearing, the ALJ presented the vocational expert (VE) with a hypothetical that contemplated, among other things, an individual who can lift 10 pounds and use jackhammers and similar tools frequently and can occasionally reach overhead with the bilateral extremities. (AR at 156-59.) The VE testified that such an individual can perform a significant number of light jobs in the national economy such as office helper, cleaner, and electrical assembler. (*Id.*) In his written decision, the ALJ adopted the foregoing vocational testimony as controlling and determined that Plaintiff has the same RFC -- notwithstanding the post-hearing cervical MRI, which indicated that Plaintiff suffers from "[r]ight paracentral disc protrusion [at C6-C7] with probable impingement on the descending right C8 nerve root." (AR at 922.) Plaintiff argues that the ALJ's RFC findings were unsupported in light of the cervical MRI results.

As indicated above, the ALJ dismissed the possibility of the MRI altering his RFC because "physical examination shows full range of motion and strength in the upper extremities and only mild cervical range of motion restriction." (AR at 111 referencing Dr. Nold's physical examination findings at AR 547-52.) In support of his RFC findings, the ALJ gave the opinions of Drs. Nold and Sadler "great weight." (AR at 112.)

There will always be a gap between the time the Commissioner's experts (such as Drs. Nold and Sadler) review the record and give their opinions and the time the ALJ issues his decision. *Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 831 (6th Cir. 2009). During this gap, new medical evidence (such as Plaintiff's cervical MRI) may enter the administrative record. The question, then, becomes whether the ALJ's

reliance on the expert opinions in support of the ALJ's RFC findings is undermined by the new evidence. A judicial disturbance of the ALJ's decision is warranted only if Plaintiff shows that "the new evidence [e.g., Plaintiff's cervical MRI results] renders the prior opinion [e.g., from Drs. Nold and Sadler] untenable." *Id.* In this case, the new evidence does render the prior opinion untenable. This is because the fact that Dr. Nold observed Plaintiff move his arms and neck in 2015 (AR at 548, 551) does not provide a tenable basis for discounting Plaintiff's subsequent complaints of bilateral arm numbness (beginning in 2017, AR at 737), which were subsequently found to have an objective clinical basis (based on the 2018 cervical MRI results at AR 922). Therefore, Plaintiff has shown that disturbance of the ALJ's decision is warranted and that the ALJ's RFC findings were unsupported in light of the cervical MRI results.

**Plaintiff is entitled to a remand for consideration of new and material evidence.**

In August 2018 (after the ALJ's decision), Plaintiff's treating neurosurgeon, Narendra Nathoo, M.D., examined the May 2018 cervical MRI results, noted Plaintiff's "obvious motor weakness" and reduced sensation occurring in a "right C6/7 distribution," and recommended an "anterior cervical discectomy with cage insertion and fusion." (AR at 95.) Plaintiff argues that Dr. Nathoo's findings constitute new and material evidence in support of a remand pursuant to the sixth sentence of 42 U.S.C. § 405(g).

Sentence 6 of Section 405(g) authorizes the Court to remand cases to the Commissioner for consideration of addition evidence "upon a showing that there is new evidence [not before the ALJ] which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g), Sentence 6. Evidence is material if Plaintiff shows that there is a "reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Miller v. Comm'r*, 811 F.3d 825, 839 (6th Cir. 2016) (quoting *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)). Generally, "good cause" is shown if "the new evidence arises from continued medical treatment of the condition, and was not generated

4

merely for the purpose of attempting to prove disability." *Burton v. Comm'r*, No. 4:18-CV-00056-HBB, 2019 WL 1585116, at *10 (W.D. Ky. Apr. 12, 2019) (quoting *Koulizos v. Sec'y*, No. 85-1654, 1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986)). The Commissioner acknowledges that Plaintiff "had good cause for not submitting [the cervical MRI results] before the administrative hearing." (Docket # 19 at 12.)

The Commissioner argues that Dr. Nathoo's findings are immaterial because they were "relatively normal" and showed only "some motor weakness and reduced sensation." (*Id.* at 13.) The argument is unpersuasive because the presence of motor weakness and reduced sensation tends to undermine the ALJ's finding that Plaintiff has good use of both upper extremities.

## ORDER

Because the ALJ's RFC findings were unsupported in light of the post-hearing cervical MRI results and because Plaintiff has shown entitlement to a remand for consideration of Dr. Nathoo's post-decision findings, this matter is hereby REMANDED to the Commissioner for a new decision and any further administrative proceedings deemed necessary and appropriate by the Commissioner.

October 30, 2019

**Lanny King, Magistrate Judge**
**United States District Court**